**CITY OF HENDERSONVILLE v. KATZ et al.**

No. 4031.

Circuit Court of Appeals, Fourth Circuit.

Oct. 6, 1936.

J. E. Shipman, of Hendersonville, N. C., and Frank Carter and Carter & Carter, all of Asheville, N. C., for appellant.

Julius C. Smith, of Greensboro, N. C. (Perry M. Chadwick and Chapman & Cutler, all of Chicago, Ill., and Smith, Wharton & Hudgins, of Greensboro, N. C., on the brief), for appellees.

Before NORTHCOTT and SOPER, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

The plaintiffs in this action in the District Court, as citizens and residents of states other than North Carolina, and as members of a bondholders' protective committee authorized to exercise all of the rights of the bondholders by whom they were appointed, brought suit against the city of Hendersonville, N. C., to secure a judgment in the sum of $595,101.28 on past-due bonds issued by the city, and interest thereon to October 1, 1935, and such further interest as might thereafter accrue. The city filed an answer in which the debt was admitted; and a further answer en-

titled an equitable counterclaim for relief. A motion to strike the counterclaim on the ground, amongst others, that the matters alleged therein did not constitute any defense to the action, was granted, and judgment was entered for the amount of the claim with costs.

This appeal relates to the sufficiency of the counterclaim. Therein it is alleged in considerable detail that the population of the city is less than 5,000; the value of all the taxable property is less than $4,000,000; the funded indebtedness of the city is over $3,000,000, and its proportionate share of the debt of Hendersonville county, in which it is located, is $1,000,000; and its resources consisting of its power to tax, its water and sewer systems, and assessments against property owners for benefits from improvements paid for out of the proceeds of city bonds, are totally inadequate to meet its indebtedness, and that the city is in fact utterly and hopelessly insolvent. It is further alleged that a multiplicity of suits by other bondholders will inevitably be brought, that questions of preferences amongst classes of creditors will arise under the provisions of the North Carolina statutes, and that it is necessary that the case be transferred to the equity side of the court so that the claims of all creditors may be filed and fairly adjusted in one suit, and that therefore the creditors should be restrained from instituting independent suits without leave of court.

■ We are of opinion that the counterclaim was insufficient in law, and that the judgment of the District Court should be affirmed. The bondholders are seeking in this suit merely an adjudication of their claims and not a satisfaction of the judgment. Since the judgment debtor is a municipal corporation, the creditors cannot cause an execution to be issued if the judgment is not paid, but must apply for a writ of mandamus requiring the city to levy taxes in order to raise sufficient funds for the purpose. Until this is done, indeed until it appears that the rights of other creditors are being jeopardized, the city has no ground to object. The claim of the plaintiffs was not questioned and they were entitled to the entry of judgment in the District Court. For further discussion of kindred questions see the decision of this court filed this day in the case of the Town of Columbus v. J. L. Barringer (C.C.A.) 85 F.(2d) 908.

Affirmed.